UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
THE INSURANCE COMPANY OF THE STATE  :
OF PENNSYLVANIA,
                                          :
                    Plaintiff,         :
                                        :       12 Civ. 6494 (DLC)
    vs.                              :
                                        :
ARGONAUT INSURANCE COMPANY,     :
                                        :
                  Defendant.     :
                                        :
----------------------------------------------------------------x

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN
## FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

HOGAN LOVELLS US LLP
Sean Thomas Keely
Benjamin J.O. Lewis
Pooja Boisture
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100

*Attorneys for Defendant*
*Argonaut Insurance Company*

New York, New York
June 14, 2013

## TABLE OF CONTENTS

Page

ARGUMENT ..................................................................................................... 1

I.    ICSOP POSITS A FALSE CONFLICT OF LAWS ................................................ 1

II.   THERE IS NO DISPUTE ICSOP'S NOTICE WAS LATE ................................. 3

III.  ARGONAUT SUFFERED SUBSTANTIAL PREJUDICE AS
      THE RESULT OF ICSOP'S BREACH ................................................ 4

      A.    AIG's Inherent Conflicts Substantially Prejudiced
            Argonaut ........................................................................................ 5

      B.    Argonaut Suffered Substantial Prejudice Because It
            Commuted Its Own Retrocession Without Notice Of The
            Kaiser Liabilities ...................................................................... 8

IV.   ICSOP HAS NOT RAISED A GENUINE ISSUE OF FACT
      REGARDING ALLEGED CONSTRUCTIVE NOTICE OF THE
      KAISER CLAIM .................................................................... 9

CONCLUSION ........................................................................................... 10

## TABLE OF AUTHORITIES

<b>Page(s)</b>

<span style="font-variant:small-caps">CASES</span>

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)..................................................................................................9

*Atlantic Cas. Ins. Co. v. Value Waterproofing, Inc.*,
  No. 11 Civ. 7565 (DLC), 2013 WL 152854 (S.D.N.Y. Jan. 15, 2013) ..................................4, 5

*Century Sur. Co. v. 350 W.A., LLC*,
  No. 05-Civ.-1548-L (BGS), 2011 WL 4506981 (S.D. Cal. Sept. 29, 2011) ...........................5

*Earle v. State Farm Fire & Cas. Co.*,
  935 F. Supp. 1076 (N.D. Cal. 1996) ...........................................................................2, 4

*Ethicon, Inc., v. Aetna Cas. and Surety Co.*,
  805 F. Supp. 203 (S.D.N.Y. 1992), *aff'd*, 993 F.2d 1532 (2d Cir. 1993)................................4

*Fincher v. Depository Trust & Clearing Corp.*,
  604 F.3d 712 (2d Cir. 2010)......................................................................................9

*Fireman's Fund Ins. Co. v. Nat'l Bank for Cooperatives*,
  849 F. Supp. 1347 (N.D. Cal. 1994) ..........................................................................2

*G-I Holdings, Inc. v. Baron & Budd*,
  179 F. Supp. 2d 233 (S.D.N.Y. 2001).........................................................................3

*Ins. Co. of Ireland, Ltd. v. Mead Reinsurance Corp.*,
  No. 88 CIV. 8779 (PKL), 1994 WL 605987 (S.D.N.Y. Nov. 4, 1994).....................................2

*Ins. Co. of State of Pa. v. Associated Int'l Ins. Co. (ICSOP)*, 922 F.2d 516, 524-25
  (9th Cir. 1990).................................................................................................2, 3, 6, 7

*Nat'l Union Fire Ins. Co. v. Gen. Star Indem. Co.*,
  216 F. App'x 273 (3d Cir. 2007) .............................................................................2, 6, 7

*Northwestern Title Sec. Co. v. Flack*,
  6 Cal. App. 3d 134 (1970) ......................................................................................2

*Rogers v. Grimaldi*,
  875 F.2d 994 (2d Cir. 1989)....................................................................................1

*Unigard Sec. Ins. Co. v. N. River Ins. Co.*,
  4 F.3d 1049 (2d Cir. 1993)......................................................................................1

*Unigard Sec. Ins. Co. v. N. River Ins. Co.*,
  79 N.Y.2d 576 (1992) .......................................................................................2, 6, 7

Argonaut respectfully submits this Reply Memorandum of Law along with the Reply Declaration of Sean Thomas Keely ("Keely Reply Decl.") in further support of its for summary judgment dismissing the complaint based upon ICSOP's late notice of the claim at issue.[1]

## ARGUMENT

### I.   ICSOP POSITS A FALSE CONFLICT OF LAWS

As this case progresses, California law moves further and further away from New York law in ICSOP's telling.  ICSOP argued in its opening brief that California law conflicted with New York law on one point with respect to late notice, ICSOP Mot. at 13, and then in its opposition to this motion added two more ways in which it now contends the laws differ on late notice. *See* ICSOP Opp. at 11-12.  These arguments appear to be more about bending California law to ICSOP's purposes than about any actual substantive conflict.

First, California law does not differ from New York law regarding the effect of a reinsured's bad faith or gross negligence with respect to its notice obligations.  Under New York law, a reinsurer's late notice defense will succeed if the reinsured acted in bad faith or with gross negligence. *See Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 4 F.3d 1049 (2d Cir. 1993).  Because no California court (state or federal) has ever addressed – let alone rejected – that proposition, this Court must predict how the California Supreme Court would decide the question. *Id.* at 7-8; *Rogers v. Grimaldi*, 875 F.2d 994, 1003 (2d Cir. 1989).  Just as California law has followed New York law on other aspects of the duty of utmost good faith, it would do the same in the context of late notice. *See* Argonaut Opp. at 8-12.

Second, both New York and California apply the notice-prejudice rule.  ICSOP is wrong in trying to portray California's application of that rule as substantively different from New

---

[1]   Capitalized terms not otherwise defined herein have the meanings defined in Defendant's Memorandum of Law in Support of Motion for Summary Judgment ("Argonaut Mot.").

York's. The basis of the rule in both jurisdictions is that the courts will not presume a reinsurer has suffered prejudice merely because notice was late. *See Ins. Co. of State of Pa. v. Associated Int'l Ins. Co.* (*ICSOP*), 922 F.2d 516, 524-25 (9th Cir. 1990); *Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 79 N.Y.2d 576, 584 (1992). Both jurisdictions also hold that prejudice cannot be shown *merely* by the loss of rights to associate, *i.e.*, the loss of those rights is not prejudice *in and of itself*. *See ICSOP*, 922 F.2d at 524 ("Indeed, prejudice is not established merely because the late notice prevented the insurer from 'contemporaneously investigat[ing] the claim,' nor does it arise from the mere 'denial of the opportunity to make an early settlement of the claim.'"); *Unigard*, 4 F.3d at 1069 (rejecting argument that "the loss of contractual rights is prejudicial in and of itself"). Thus, there is no difference in the notice-prejudice standard in the two jurisdictions.

Instead, ICSOP suggests, "Courts applying New York law do not appear to impose as heavy a burden on reinsurers." ICSOP Opp. at 11. For this supposed lenity of New York courts, ICSOP cites *Ins. Co. of Ireland, Ltd. v. Mead Reinsurance Corp.*, No. 88 CIV. 8779 (PKL), 1994 WL 605987, at *8 (S.D.N.Y. Nov. 4, 1994), as finding that prejudice could be shown by a lost opportunity to assist in settlement negotiations. *Id.* But several courts applying California law have similarly found that an insurer or reinsurer can establish prejudice supporting a late notice defense when the notice denied it a meaningful opportunity to protect its interests in the handling or settling of the claim. *See Nat'l Union Fire Ins. Co. v. Gen. Star Indem. Co.*, 216 F. App'x 273, 281 (3d Cir. 2007); *Earle v. State Farm Fire & Cas. Co.*, 935 F. Supp. 1076, 1080 (N.D. Cal. 1996); *Fireman's Fund Ins. Co. v. Nat'l Bank for Cooperatives*, 849 F. Supp. 1347, 1368 (N.D. Cal. 1994); *Northwestern Title Sec. Co. v. Flack*, 6 Cal. App. 3d 134, 141 (1970) (discussing circumstances where "prejudice naturally, inherently and necessarily existed."). Accordingly, there is no substantive difference between California and New York law in

2

applying the notice-prejudice rule.

Finally, ICSOP's attempt to inject an issue of constructive notice does not present a choice of law issue because there is not even a scintilla of evidence raising any genuine question of fact regarding constructive notice. *See infra* at 9-10. In this situation, where any difference in laws would not have a possible effect on the outcome, there is no material conflict. *See G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 249 (S.D.N.Y. 2001).

## II.   THERE IS NO DISPUTE ICSOP'S NOTICE WAS LATE

ICSOP acknowledges that its notice was years late, but wants to shave a few years off to help its argument against prejudice. It states, "Arguably, the earliest date ICSOP was required to provide notice was when Kaiser brought ICSOP into the California Coverage Litigation by cross-claim in April 2002." ICSOP Opp. at 21. This argument mischaracterizes the terms of the contract and the relevant facts.

In relying on the date of the cross-claim, ICSOP invokes *ICSOP*, 922 F.2d at 522. In that case, the court actually rejected ICSOP's argument that notice was not required until much later when ICSOP subjectively determined after a coverage action began that the reinsured policy might be impacted. *Id.* The court found that notice was required no later than the filing of the cross-claim because it was a "claim" within the meaning of the facultative certificate there. The court also made clear that the general term "claim" was broader than just a cross-claim in an action, noting that the facultative certificate there – as does the one here – referred to the ability of a reinsurer to join in the defense of "any claim, suit or proceeding." *Id.*; Keely Decl. Ex. 5.

There is no dispute that ICSOP received notice of a claim prior to the filing of the cross-claim in 2002 because ICSOP had opened "claim" files for the Kaiser claim on the 1974 ICSOP Policy as early as 1989 and again in 1996. *See* Keely Decl. Exs. 6, 10. The opening of those claim files reflected that ICSOP had been provided with notice of claim on the policy. *Id.* Ex. 1

3

(DiCaprio Dep.) at 305.   Thus, under the terms of the Facultative Certificate, ICSOP was required to provide notice of the claim to Argonaut at least by the time it opened the claim files.

Moreover, ICSOP's argument that the earliest date notice was required was in 2002 is belied by the fact that it now contends it generated a notice of the Kaiser claim for reinsurers of the 1974 ICSOP Policy on the Miscellaneous Special Business ("MSB") treaty in April 2000 – fully two years before the cross-claim in the Coverage Action. *See* ICSOP Opp. at 7-8.  While there is no evidence that notice was ever sent to Argonaut, *see infra* at 9-10, ICSOP's reliance on it is an admission that notice should have been provided to Argonaut by no later than April 2000.

## III.   ARGONAUT SUFFERED SUBSTANTIAL PREJUDICE AS THE RESULT OF ICSOP'S BREACH

ICSOP's mantra here is that any prejudice is "pure speculation."  *See* ICSOP Opp. at 3, 17-19, 22.  According to ICSOP, in order to show prejudice on a late notice defense, a reinsurer must establish precisely how the past would have been changed and precisely what courts or settling parties would have done.  This is, of course, a logical impossibility and for that reason it is also not the law in New York or California. *See Atlantic Cas. Ins. Co. v. Value Waterproofing, Inc.,* No. 11 Civ. 7565 (DLC), 2013 WL 152854, at *9 (S.D.N.Y. Jan. 15, 2013) (rejecting argument that to carry burden of prejudice insurer "was required to demonstrate at this trial precisely how its defense in the underlying subrogation action has been impaired"); *Earle v. State Farm Fire & Cas. Co.*, 935 F. Supp. 1076, 1080 (N.D. Cal. 1996) (sustaining insurer's late notice defense even though "any attempt to demonstrate what would have happened had State Farm received timely tender is necessarily speculation"); *Ethicon, Inc., v. Aetna Cas. and Surety Co.,* 805 F. Supp. 203, 205 (S.D.N.Y. 1992) (sustaining late notice defense under notice-prejudice rule even though "the potential twists that the case might have taken had Aetna been involved are impossible to reconstruct."), *aff'd*, 993 F.2d 1532 (2d Cir. 1993).

Indeed, courts recognize that in certain factual situations notice can be so late that it impairs the (re)insurer's ability to establish with chapter and verse every aspect of prejudice. *See Atlantic Cas.*, 2013 WL 152854, at *9 ("The defendants having denied [insurer] an opportunity to make that inspection, it is unreasonable to impose upon [insurer] the burden to show precisely how it would have been advantaged by that inspection."); *Century Sur. Co. v. 350 W.A., LLC*, No. 05-Civ.-1548-L (BGS), 2011 WL 4506981 (S.D. Cal. Sept. 29, 2011) ("The delay in presenting the claim to Century prevented it from establishing the full extent of prejudice it suffered."). This is just such a case. Nevertheless, Argonaut has sufficiently established substantial prejudice that supports its late notice defense.

### A. AIG's Inherent Conflicts Substantially Prejudiced Argonaut

ICSOP never disputes in its opposition that AIG had "inherent conflicts" in handling and settling the Kaiser claim on the 1974 ICSOP Policy. Of course, it could not do so because its

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Keely Decl. Ex. 14. Instead, ICSOP argues that Argonaut could not have been prejudiced by being kept in the dark regarding the claim and these conflicts during the years that AIG handled and settled the claim. ICSOP's argument is contrary to the facts and would lead to absurd results on the law.

First, ICSOP argues that Argonaut would not have exercised its right to associate in the Kaiser claim even if it had received timely notice. *See* ICSOP Opp. at 14. This argument ignores the evidence that the Kaiser claim was quantitatively and qualitatively different from any other claim in Argonaut's facultative reinsurance book. *See* Argonaut Mot. at 13-14; Argonaut Opp. at 18-20. The fact that the 1974 ICSOP Policy was a low-layer policy with *no aggregate limits* would have been "definitely a red flag" for Argonaut. *See* Keely Decl. Ex. 2 at 209; Keely Opp. Decl. Ex. C at 226. In these unique circumstances, knowledge of the claim and the ability to take steps to reduce or eliminate it was critically important to Argonaut.

5

Second, ICSOP argues that Argonaut cannot make the requisite showing of prejudice "because ICSOP was not obligated to follow Argonaut's advice. While Argonaut has the right to 'associate' with ICSOP, it has no right to dictate to ICSOP what coverage positions ICSOP should take vis-à-vis Kaiser." ICSOP Opp. at 15. According to ICSOP, Argonaut's right under the Facultative Certificate to associate "in the defense and control of any claim" is toothless and thus can never support a late notice defense. This is an insupportably broad and wrongheaded argument. Because a reinsurer does not have the right to take over defense of a claim, it can never (according to ICSOP's reasoning) prove that "its intervention would have changed the outcome." ICSOP Opp. at 15. Essentially, ICSOP is arguing that the courts in California and New York have articulated a notice-prejudice standard for reinsurers that could *never* be satisfied. That cannot be, and is not, the law. *See Unigard*, 79 N.Y.2d at 584 ("This is not to suggest that a reinsurer may never assert late notice as a ground for avoiding its obligations under a reinsurance contract.").

The Third Circuit has rejected exactly this sort of argument when applying California law on late notice. *See Nat'l Union*, 216 F. App'x at 280-81. That case involved a late notice defense raised by an excess insurer against National Union (an AIG member company). Applying the Ninth Circuit's decision in *ICSOP*, the court noted that "the requirement of prejudice is even more compelling in the excess insurance context" because "excess insurers have no right to control a lawsuit and thus have less need for early notice." *Id.* at 280 (citing *ICSOP*, 922 F.2d at 523). Nevertheless, the court found substantial prejudice:

> Here, however, there was no 'mere possibility' of prejudice. . . . General Star received notice a scant four weeks before the Pennsylvania Supreme Court denied the final appeal. National and ATI did not pursue or engage in settlement discussions during the entire three-year, post-trial period. National's conduct deprived General Star of any opportunity to assess whether National's

> failure to explore settlement was reasonable and prevented General
> Star from participating in, and perhaps effecting, a better outcome.

*Nat'l Union*, 216 F. App'x at 281.  Similarly here, ICSOP did not provide Argonaut with notice

until after all of the coverage decisions and after it had negotiated its settlement.  Also there is no

evidence that ICSOP made any attempt to engage in settlement discussions in the three-year

period between the initial briefing of the critical number of occurrences issue in 2005 and the

court's decision in 2008 holding that the Kaiser asbestos claims were multiple occurrences each

of which could be billed to the 1974 policy year.  AIG only engaged in settlement discussions

after the adverse decisions, and the result of the settlement was that the ██████████████████

████████████████████████████████████████████████████████████████  *See*

Argonaut Mot. at 22-23.  The settlement was essentially the judgment.

Third, ICSOP argues that Argonaut could not have been prejudiced by the lack of notice

and the inherent conflicts because the best position for the 1974 ICSOP Policy "was forcefully

advanced by another party".  ICSOP Mot. at 16; *Id.* ("Argonaut's 'interests' were strenuously

advanced by Truck to no avail").  This is a truly remarkable argument.  The rationale behind the

Ninth Circuit's adoption of the notice-prejudice rule was that "because primary insurers will

usually provide an experienced defense, the likelihood of prejudice from late notice is more

remote." *ICSOP*, 922 F.2d at 523 (internal quotations omitted); *see also Unigard*, 79 N.Y.2d at

583 ("the interests of a reinsurer and the ceding primary insurer with respect to a pending claim

are generally identical.").  But according to ICSOP, notice was unnecessary and prejudice

impossible here because Argonaut's interests were being protected by ICSOP's ***adversary***.

Meanwhile, ICSOP initially did nothing and subsequently opposed those positions.  It is

shocking that ICSOP would even make such an argument.  In any event, it confirms that the

inherent conflicts in the handling and settlement were real and that Argonaut was substantially

7

prejudiced by being denied the opportunity to protect its own interests (and those of the reinsured 1974 ICSOP Policy) in this situation where its reinsured, ICSOP, was admittedly not doing so.

      **B.**    **Argonaut Suffered Substantial Prejudice Because It Commuted Its Own Retrocession Without Notice Of The Kaiser Liabilities**

ICSOP is wrong that "prejudice based on commutations is legally irrelevant as a matter of California law." ICSOP Opp. at 19. The decision ICSOP invokes is *dicta* and did not even consider a commutation. *See* Argonaut Opp. at 22-23. ICSOP argues alternatively that Argonaut's prejudice in connection with the commutations is speculative. For the reasons set forth in Argonaut's prior briefing and below, ICSOP is wrong.

In its opposition, ICSOP attempts to cut out a number of the commutation agreements from the analysis by contending that the earliest date notice was required was 2002. *See* ICSOP Opp. at 20-21. But notice should have been given in 1989 and, by ICSOP's own admission with its alleged MSB Treaty notice, no later than April 2000. *Supra* at 4. All of the commutation agreements at issue were entered into after 2000, and thus all are relevant.

ICSOP also argues that no prejudice could have been suffered because the commutation pricing included IBNR. But the record is uncontradicted that the IBNR portion was based on the inventory of paid claims and case reserves for noticed claims that Argonaut had on its books. Because Kaiser "was a big unknown at the time" and was quantitatively and qualitatively different than any reinsurance claim on Argonaut's books, the IBNR at the time Argonaut entered into the commutations was necessarily inadequate to account for the Kaiser loss. *See* Keely Decl. Ex. 2 (Hollender Dep.) at 206-207, 231-233.

ICSOP also argues that it is speculation that Argonaut would have asked for or that the commutation counterparties would have agreed to higher pricing. There can be no question based on the record that with notice of the Kaiser claim Argonaut's commutation pricing would

have gone up and, indeed, did go up after notice. *See id.* at 209, 231. Neither Argonaut nor the Court need speculate about what the counterparties would have done. If they would not agree to the price, neither party need enter into the commutation and Argonaut would have retained its coverage. But because of ICSOP's late notice, Argonaut released its coverage and did not get to incorporate the Kaiser exposure into the price. That is tangible and substantial prejudice.

## IV.   ICSOP HAS NOT RAISED A GENUINE ISSUE OF FACT REGARDING ALLEGED CONSTRUCTIVE NOTICE OF THE KAISER CLAIM

ICSOP also attempts to avoid summary judgment by contending that it can raise a genuine issue of fact over whether it provided Argonaut with prior notice of the Kaiser claim under a different reinsurance contract, the MSB Treaty. "Summary judgment cannot be defeated by the presentation by the plaintiff of but a 'scintilla of evidence' supporting [its] claim." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Here, ICSOP offers nothing more than an unsubstantiated scintilla.

ICSOP proffers copies of two notices relating to the MSB Treaty that Chris Magnotta printed out of AIG's systems recently. *See* Magnotta Decl. ¶ 15, Exs. 4 and 5. He asserts they were generated by AIG's systems in 2000 and 2002 and sent to its broker Guy Carpenter. *Id.* But there is no indication anywhere in the record that Guy Carpenter received them or that they were ever provided to Argonaut.[2] ICSOP made a document production in this action from Guy

---

[2]   ICSOP footnotes a reference to a June 2003 memorandum from Guy Carpenter as a basis for suggesting the alleged April 2000 MSB Treaty notice may have been lost in the 9/11 terrorist attack, but admits "there is no evidence suggesting a similar problem occurred with the April 2002 notice." ICSOP Opp. at 25 n.17. Guy Carpenter sent substantially the same memorandum to reinsurers in 2006 noting problems with AIG's reporting on the MSB Treaty. *See* Keely Reply Decl. Ex. 1. But there is no evidence Guy Carpenter sent the alleged 2000 or 2002 notices with either memorandum or any notice of the Kaiser claim until 2009.

Carpenter's files, but neither alleged notice to the MSB Treaty was included in that production. Keely Reply Decl. ¶ 5; Ex. 2. At ICSOP's request, Argonaut made a production of documents relating to notice of the Kaiser claim under the MSB Treaty. The "Initial Loss Advice" on the Kaiser claim on that treaty was sent by Guy Carpenter to Argonaut in July 2009. *Id*. Ex. 3.

Two pieces of paper printed from AIG's own systems in 2013 and not to be found anywhere else in the record cannot raise a genuine question of fact in the face of the unrebutted testimony and overwhelming documentary evidence that Argonaut did not receive notice under any reinsurance contract prior to 2009.

### CONCLUSION

For the reasons set forth herein and in Argonaut's opening papers and papers in opposition to ICSOP's motion for partial summary judgment, Argonaut respectfully requests that the Court enter summary judgment dismissing the complaint with prejudice.

New York, New York
June 14, 2013

Respectfully Submitted,

By: _____

Sean Thomas Keely
Benjamin J.O. Lewis
Pooja Boisture
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
sean.keely@hoganlovells.com
ben.lewis@hoganlovells.com
pooja.boisture@hoganlovells.com

*Attorneys for Defendant*
*Argonaut Insurance Company*

10